**AFFIRM; and Opinion Filed April 28, 2015.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00847-CV

**WILLIAM BRUCE SHERRILL, D.D.S. AND SHAW & SHERRILL, D.D.S., Appellants**

**V.**

**BUFFIE G. WILLIAMS, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-10538**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Brown
Opinion by Justice Brown

In this interlocutory appeal, appellants William Bruce Sherrill, D.D.S. and Shaw & Sherrill, D.D.S. challenge the trial court's refusal to dismiss appellee Buffie G. Williams's claims against them pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code. In three issues, appellants contend the trial court erred in denying their motion to dismiss because Williams "fail[ed] to serve an expert report" as to the appropriate standard of care and causation, and failed completely to address one cause of action in the report. Because appellants waived these objections to Williams's report, we affirm the trial court's order.

Williams was employed by appellants as a dental assistant. Her claims grow out of a confrontation with Sherrill during work hours. Williams contends the altercation culminated with Sherrill pushing her to the ground, kicking her, and holding her down. Appellants contend

Williams tripped and fell. Following this incident, Williams no longer worked for appellants. Williams contends she was fired by Sherrill; appellants contend she abandoned her job.

Williams filed suit against appellants, pleading causes of action for assault and negligence. She attached a document titled the "Preliminary Report" of Larry R. Stewart, D.D.S., M.S. and his curriculum vitae to her petition and served them on appellants simultaneously with the petition. Appellants answered, generally denying Williams's allegations, asserting a number of affirmative defenses, and pleading counterclaims for defamation, tortious interference, breach of contract, malicious prosecution, intentional infliction of emotional distress, fraud, and abuse of process.

On May 9, 2014, appellants filed their motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West Supp. 2014). Appellants argued Williams had asserted health care liability claims within the meaning of Chapter 74, but she had failed to provide an expert report required by that chapter. Specifically, appellants argued Stewart, an oral surgeon, was not qualified to provide an expert report (a) on human resources or office administration issues in a dentistry practice, or (b) on medical or psychiatric causation. Appellants argued further that the Preliminary Report did not address Williams's claim for assault by threat of bodily injury. Williams responded to the motion, arguing appellants had waived any objections to the Preliminary Report by failing to lodge those objections within twenty-one days of filing their answer. She argued alternatively that the Preliminary Report was adequate to satisfy the requirements of Chapter 74 or, again in the alternative, that she should be granted an extension to provide an amended report. The trial court heard arguments and denied the motion.

Appellants filed this interlocutory appeal, making the same arguments concerning the Preliminary Report," namely that Stewart was unqualified to offer expert testimony in this case and his report did not address all of Williams's claims. We review the denial of a motion to

dismiss filed pursuant to section 74.351 under an abuse of discretion standard. *Nexus Recovery Ctr., Inc. v. Mathis*, 336 S.W.3d 360, 364 (Tex. App.—Dallas 2011, no pet.).

The threshold issue for our determination is whether appellants' complaints were untimely and waived as a result. Williams relies on Chapter 74's dictates concerning expert reports. The relevant provision begins by describing the claimant's responsibility to file her report "not later than the 120th day after the date each defendant's original answer is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). The statute goes on to provide that:

> Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

*Id.* Williams served the Preliminary Report on September 6, 2013, and appellants answered on October 7, 2013. Thus, appellants' objections to the Preliminary Report were to be filed and served by October 28, 2013, twenty-one days after appellants answered. *See id.* Appellants filed no objections to the Preliminary Report until they filed their motion to dismiss on May 9, 2014, which was 193 days after objections were due.

Appellants argue that because Stewart was unqualified to offer expert opinions in this case as to both standard of care and causation, his report was the equivalent of no report at all. In the absence of any valid expert report, he contends, he had no obligation to file objections. This Court has considered and rejected appellants' argument that a report from a purportedly unqualified expert is tantamount to no report at all. *See Bakhtari v. Estate of Dumas*, 317 S.W.3d 486, 492 (Tex. App.—Dallas 2010, no pet.). In that case, we applied the plain language of section 74.351(a) and concluded that "when a report and CV are timely served on a defendant physician, any objections to the expert's qualifications, and any objections to the sufficiency of the report, must be raised by the defendant within 21 days after service of the report and CV." *Id.* at 493.

Appellants rely on the Texas Supreme Court's opinion in *Loaisiga v. Cerda*, in which that court said "if a report does not meet the standard set in *Scoresby [v. Santillan]*, it is not an expert report under the statute, and the trial court must dismiss the plaintiff's claims if the defendant has properly moved for dismissal." 379 S.W.3d 248, 260 (Tex. 2012). But appellants fail to identify the "standard set in *Scoresby*" to which *Loaisiga* refers. In *Scoresby*, the Supreme Court concluded a report meets the minimal standard "if it contains the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated." *Scoresby v. Santillan*, 346 S.W.3d 546, 557 (Tex. 2011). More important for our purposes, the Supreme Court makes clear that any determination as to whether a report meets these minimal *Scoresby* requirements is to be made "[w]hen the document purporting to be an expert report is timely served in an HCLC and is properly challenged." *Loaisiga*, 379 S.W.3d at 260. A report is "properly challenged" by objections filed within the relevant twenty-one day window. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Appellants failed to make a proper challenge to the Preliminary Report, so we need not determine whether the report meets the minimal *Scoresby* standard.

We reject appellants' argument that they were not required to file timely objections, and we conclude appellants waived all objections to the Preliminary Report. *See id.* Accordingly, we overrule appellants' three issues.[1]

---

[1] Both parties' briefs address whether Williams's claims are health care liability claims within the meaning of Chapter 74. That issue was not raised below, and the trial court has not had an opportunity to rule on it. We will not deprive the trial court of its authority to rule first on such an issue. *See Daughety v. Nat'l Ass'n of Homebuilders of U.S.*, 970 S.W.2d 178, 182 (Tex. App.—Dallas 1998, no pet.) ("Addressing matters not specifically presented to the trial court usurps the trial court's authority to evaluate and rule on issues before it and denies the appellate court the benefit of the trial court's decision.").

We affirm the trial court's order denying appellants' motion to dismiss.


/Ada Brown/
ADA BROWN
JUSTICE


140847F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM BRUCE SHERRILL, D.D.S.
AND SHAW & SHERILL, D.D.S.,
Appellants

No. 05-14-00847-CV        V.

BUFFIE G. WILLIAMS, Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-10538.
Opinion delivered by Justice Brown. Justices
Francis and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Buffie G. Williams recover her costs of this appeal from
appellants William Bruce Sherrill, D.D.S. and Shaw & Sherrill, D.D.S..

Judgment entered this 28th day of April, 2015.