**Julius R. NEUNHOFFER et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 14725.**

Court of Civil Appeals of Texas.

San Antonio.

April 2, 1969.

Rehearing Denied April 30, 1969.

Jack R. King, Beaumont, Joseph F. Leonard, Jr., Kerrville, for appellants.

Crawford C. Martin, Atty. Gen., Nola White, A. J. Carubbi, Jr., Watson C. Arnold, Woodrow W. Curtis, C. W. Pearcy, Samuel D. McDaniel, Asst. Attys. Gen., Austin, Joseph W. Burkett, Jr., Kerrville, C. L. Snow, Jr., San Antonio, for appellee.

BARROW, Chief Justice.

Appellants, Honorable Julius R. Neunhoffer, County Judge of Kerr County, and B. R. Schulz and wife, Ottillie Schulz, have appealed from a judgment rendered by the Second 38th Judicial District Court of Kerr County granting appellee, State of Texas, a writ of mandamus ordering the Kerr County Court to set aside its prior order granting a new trial to condemnees, B. R. Schulz et ux., in the condemnation action brought by the State of Texas in the County Court of Kerr County.

Appellants urge that the Second 38th Judicial District Court did not have jurisdiction to issue said mandamus against the Kerr County Court or, in any event, exceeded its authority in ordering the County Court to set aside its order granting condemnees a new trial.

State filed suit in the County Court of Kerr County seeking to condemn, for highway purposes, 290.5 acres of land from a 6,053-acre ranch owned by B. R. Schulz and wife. Judgment was entered based on a jury verdict awarding condemnees $47,-932.50 for the land taken and $95,000 for damages to the remainder, or a total of $142,932.50, as compared to the Special Commissioners' award of $232,897.50. Condemnees timely filed their motion for new trial wherein it was asserted, among other points, that the verdict was not supported by the greater weight of the credible and admissible testimony and, further, that in order for the ends of justice to be served the court should grant them a new trial. After a full hearing thereon, the County Judge granted said motion for new trial. At the request of State's attorney, Judge Neunhoffer wrote under the order granting the new trial that he agreed and stipulated that the reason for granting the motion for new trial was that stated by him in open court at the conclusion of said hearing. The statement of facts shows that at the conclusion of the hearing on said motion for new trial, Judge Neunhoffer made a rather full statement setting forth his reasons for concluding that the findings of the jury on damages had resulted in a substantial denial of justice to condemnees, and that he was granting a new trial in the interest of justice.

The new trial was timely granted by the County Court on September 8, 1967. On January 23, 1968, State, after obtaining leave, filed its petition for mandamus in the Second 38th Judicial District Court. State alleged in said petition that the County Court abused its discretion in granting a new trial since the verdict was within the range of testimony before the jury. It asserted that the Second 38th Judicial District Court had jurisdiction to grant said writ since neither the Court of Civil Appeals nor the Supreme Court had authority to grant it. State urged the District Court has such jurisdiction under the last sentence of Art. 5, § 8, Vernon's Ann.Tex. Const.[1] After a hearing in which the statement of facts from the County Court case was introduced into evidence, judgment was entered granting the petition for mandamus and ordering Judge Neunhoffer, as County Judge, to vacate and set aside his order granting a new trial in the case. It was further ordered that condemnees' motion for new trial be overruled "by operation of law" as of the date the District Court judgment was pronounced, or when same became final on appeal.

■ While we have grave doubts as to whether the Texas Constitution grants the District Court supervisory power over the County Court in this situation,[2] it is unnecessary to determine that question as the Second 38th District Court clearly exceeded its authority in granting this mandamus. It is well established that the discretion and judgment of the trial court in granting a new trial can be controlled or directed by mandamus in only two instances: (1) When the trial court's order was wholly void, as where it was not timely entered; and (2) where the trial court has granted a new trial and specified in its written order the sole ground that the jury's answers to special issues were conflicting. Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial Dist. of Texas, 162 Tex. 613, 350 S.W.2d 330 (1961); City of Perryton v. Boyer, 423 S.W.2d 170 (Tex.Civ.App. —Amarillo 1968, mandamus overruled); L. B. Foster Steel Co. v. Moorhead, 382 S.W. 2d 280 (Tex.Civ.App.—Houston 1964, no writ); Angelina Casualty Co. v. Fisher, 319 S.W.2d 387 (Tex.Civ.App.—Beaumont 1958, no writ); Lowe & Archer, Texas Practice, § 472.

■ Neither exception is applicable in this case. The motion for new trial was timely filed, heard and granted under Rule 329b, Texas Rules of Civil Procedure, and the County Court unquestionably had jurisdiction to consider same. Rule 328, supra, expressly authorizes the trial court to grant a new trial when the damages are manifestly too small or too large, subject only to the limitation in Rule 326, supra, to the effect that not more than two new trials shall be granted either party because of insufficiency or weight of the evidence.

■ It has been uniformly held that the granting or denial of a new trial rests largely within the discretion of the trial court, and its action will not be disturbed on appeal except for a manifest abuse of discretion. Wright v. Swayne, 104 Tex. 440, 140 S.W. 221 (1911); Muenster Mfg. Co. v. Muenster Industrial Found., 426 S. W.2d 909 (Tex.Civ.App.—Fort Worth 1968, no writ); Equitable Life Assur. Soc. of the U. S. v. Murdock, 219 S.W.2d 159 (Tex. Civ.App.—El Paso 1949, writ ref'd n. r. e.); Union City Transfer v. Kenna, 210 S.W.2d 431 (Tex.Civ.App.—Beaumont 1948, no

1. "The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law; and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

2. See Winfrey v. Chandler, 159 Tex. 220, 318 S.W.2d 59 (1958); Cf. Alice National Bank v. Edwards, 383 S.W.2d 482 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.).

writ). Furthermore, an order granting a new trial is interlocutory in nature and not appealable. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957); Brown v. American Finance Co., 432 S.W.2d 564 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); Flato Brothers, Inc. v. McKinney, 399 S.W.2d 957 (Tex. Civ.App.—Corpus Christi 1966, no writ); Brown v. Breneman, 385 S.W.2d 461 (Tex. Civ.App.—Dallas 1964, no writ); McDonald, Texas Civil Practice, § 18.15. The Second 38th Judicial District Court could not do indirectly what it could not do directly.

Since the Second 38th Judicial District Court exceeded its authority in issuing a writ of mandamus to compel the County Judge of Kerr County to set aside its order granting a new trial, the judgment of the District Court is reversed and judgment here rendered denying State's petition for mandamus.