EQUITABLE GENERAL INSURANCE
COMPANY OF TEXAS, Petitioner,

v.

Thomas YATES, Respondent.

No. C–3210.

Supreme Court of Texas.

Dec. 19, 1984.

Rehearing Denied Feb. 20, 1985.

Hudgins, Hudgins, Warrick & Mattingly, Jeffrey H. Marsh, Houston, for petitioner.

James W. Patterson, Houston, for respondent.

McGEE, Justice.

This is an appeal from a summary judgment rendered in favor of petitioner, Equitable General Insurance Company of Texas, against respondent, Thomas Yates. The issue presented is whether the trial court abused its discretion in granting Yates' motion for new trial conditioned upon the payment of $500 by Yates to opposing counsel for their attorney's fees. The court of appeals held that the trial court had no authority to grant a motion for new trial based on such a condition and that the subsequent final order overruling Yates' motion for new trial, based on his failure to pay the attorney's fees, was error. 672 S.W.2d 822. We disagree; however, for the reasons stated herein, we affirm the judgment of the court of appeals.

Thomas Yates was awarded compensation by the Industrial Accident Board for injuries sustained while employed by Schepps Dairy. Both the insurance carrier, Equitable General Insurance Company of Texas and Yates filed suit to set aside the award. Equitable General filed a motion for summary judgment on the grounds that Yates had failed to file his claim for workers' compensation within six months from the day of injury. Yates did not file a response to the summary judgment motion until the day of the hearing; no motion for leave of court to file was tendered. The trial court refused to consider the late filed response, granted Equitable General's motion for summary judgment and on March 29, 1983 rendered judgment setting aside the award.

Yates filed a motion for new trial alleging substantially the same grounds as were in his response to the summary judgment. On May 9, 1983 an interlocutory order was rendered which provided that the motion for new trial would be granted upon the payment of $500 by Yates to the opposing counsel as attorney's fees for preparing and presenting a response to Yates' motion for new trial. The order also stated that a final judgment overruling the motion for new trial would be rendered upon Yates' failure to pay opposing counsel. Yates did not pay the $500; however, on June 8, 1983 he filed a response to the interlocutory order. In an affidavit, attached to the response, Yates claimed that he was "financially unable to raise or to pay Five Hundred Dollars...." No contest to this oath was filed. A final judgment was rendered denying the motion for new trial on June 9, 1983. A bill of exception perfected the next day states that the trial court, after the affidavit of inability was filed, overruled the motion for new trial.

A trial court has long been vested with great discretion in ruling upon a motion for a new trial and, absent manifest abuse of discretion, its action will not be disturbed on appeal. *Neunhoffer v. State*, 440 S.W.2d 395, 397 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.). The latitude of the trial court's discretion is addressed in Rule 320, which provides: "New trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct." Tex.R.Civ.P. 320.

A conditional grant of a motion for new trial based on a party's payment of costs is well within the trial court's discretion. This is especially well established when a default judgment has been rendered and a subsequent motion for new trial is granted, conditioned upon payment of the costs in obtaining the default judgment. *Town v. Guerguin,* 93 Tex. 608, 610, 57 S.W. 565, 566 (1900). In particular, trial courts are permitted to grant new trials conditioned upon the payment of attorney's fees, expenses for witnesses, travel and other costs incurred in obtaining the default judgment. *United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958, 959 (Tex.1976). Conditional grants of new trial in default judgment cases are governed by the equitable consideration of not causing any injury to the party obtaining the original judgment. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939).

Our determination of the present case should be guided by the same principles. The trial court granted Yates' motion for new trial conditioned upon his paying the opposing counsel $500 "as attorney's fees for preparing and presenting the Response to Plaintiff's Motion for New Trial...." We find the assessment was a proper equitable determination and the trial court was within its discretion to grant a new trial based on such a condition.

The court of appeals relied on *Continental Oil Co. v. Henderson,* 180 S.W.2d 998 (Tex.Civ.App.—Fort Worth 1944, writ ref'd w.o.m.) in holding that the trial court had no authority to make payment of all expenses for bringing the suit and attorney's fees a condition in granting a motion for new trial. We agree. *Continental Oil,* however, determined that a new trial should have been granted as a matter of law based on newly discovered evidence. In addition, the attorney's fees sought were for the entire trial, not just the expenses of preparing the motion for new trial. Moreover and most importantly, the parties in *Continental Oil* took the proper procedural steps, and the expenses incurred were not the result of a failure to file timely responses.

While we find that such conditional grants of new trial are permissible based on equitable considerations, in the present case the trial court abused its discretion in rendering final judgment and denying the new trial. Thomas Yates filed an affidavit of inability to pay and no contest was subsequently filed. An uncontested affidavit of inability to pay is conclusive as a matter of law. *Pattison v. Spratlan,* 539 S.W.2d 60, 61 (Tex.), *cert. denied,* 429 U.S. 1001, 97 S.Ct. 531, 50 L.Ed.2d 612 (1976). Although we recognize the general rule that attorney's fees are not costs, the assessed fees in the present case will be considered in light of Rule 145 and the rule's intended purpose to guarantee a forum to those unable to pay court costs. *Pinchback v. Hockless,* 139 Tex. 536, 538, 164 S.W.2d 19, 20 (1942). Accordingly, the trial court abused its discretion by imposing such a monetary condition in the face of an uncontested affidavit of inability to pay.

The judgment of the court of appeals is affirmed.

KILGARLIN, J., dissents with an opinion in which POPE, C.J., and SPEARS and GONZALEZ, JJ., join.

KILGARLIN, Justice, dissenting.

I respectfully dissent. What an anomaly! Had the trial judge followed his initial decision and overruled the motion for new trial without expressing any desire for leniency, he would be affirmed. His refusal to consider an untimely response to the motion for summary judgment would be upheld, where, as here, no excuse was given at the time for the late filing. *Rhodes v. City of Austin,* 584 S.W.2d 917, 921–22 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). In the absence of a response, summary judgment was proper. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). That would have been that. No appellate court in this state would have had a second thought about affirming the judgment. Here, however,

because of a desire to do fairness, and give the plaintiff a second chance, the trial judge offered a condition for granting a new trial, which he was not obligated to do. So, we reward his generosity by a reversal. The only possible result of the court's decision is that trial judges will replace compassionate justice with cold-hearted judicial edicts.

Moreover, it is a tortured reading of the Rules of Civil Procedure by which we allow this result. Regrettably, the court opinion emasculates the obvious intent of Rule 320, Tex.R.Civ.P., to confer discretion on the trial judge. That rule states in pertinent part, "New trials may be granted and judgment set aside for good cause, on motion or on the court's own motion *on such terms as the court shall direct." (Emphasis added).* In spite of this language, this court holds that the trial court in this case may not condition a new trial on payment of attorney's fees. Does not the court opinion now require us to amend Rule 320 to delete trial court discretion in this area? Are we not professing to understand the circumstances surrounding the trial better than the judge who sat through it?

The torture extends beyond Rule 320. We now equate attorney's fees with court costs in order to invoke the indigency provisions of Tex.R.Civ.P. 145. I readily accept the concept of indigency affidavits when an inability to pay costs exists. Otherwise, we would be guilty of violating our constitutional guarantee of open access to courts. Tex. Const. art. I, § 13. However, attorney's fees were conditionally assessed in this case just as sanctions would be assessed for discovery violations. Costs are what clerks receive. No rule exists authorizing indigency affidavits in lieu of paying court-ordered attorney's fees.

By this opinion, I fear that we open the door for potential violence to the trial judge's power to assess monetary sanctions for discovery abuse. A major intent behind the adoption of Tex.R.Civ.P. 215 on April 1, 1984, was to clothe the trial judge with greater discretion to apply proper sanctions based on the degree of the abuse involved. *See* Tex.R.Civ.P. 215, interp. commentary (Vernon 1984).

This court recognized, in amending the rules, that administration of justice would be enhanced by empowering courts to cope with unreasonable delay tactics, meaningless responses, gamesmanship, and the other abuses which thwart the discovery process' intended orderly search for truth. Kilgarlin & Jackson, *Sanctions for Discovery Abuse Under New Rule 215,* 15 St. Mary's L.J. 767, 770 (1984). What will happen now when a trial judge imposes a monetary sanction for discovery abuse? If an indigency affidavit is filed, and not opposed, does the abuse go unpunished? If the affidavit is contested, must the trial judge expend vital court time conducting a hearing to decide if he can enforce the monetary sanction which he has determined? Are we not encouraging the trial judge, who earnestly attempts to obtain compliance with the discovery process, to levy a harsher sanction such as striking of pleadings, dismissal or default, rather than suffer through a contest of a milder ruling ordering attorney fees payment?

Finally, I note that the court approvingly cites *United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958 (Tex.1976). They do not recite, however, language from the opinion which says "[w]e agree that, as a condition to the granting of his motion for new trial, a defendant should be required to reimburse plaintiff for costs of suit incurred in obtaining the judgment." *Id.* at 959. With our decision today, all I can say is *sic transit United Beef Producers, Inc. v. Lookingbill* and Rule 320, Tex.R.Civ.P.

I would reverse the judgment of the court of appeals.

POPE, C.J., and SPEARS and GONZALEZ, JJ., join in this dissent.