NO. 12-04-00366-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


§


IN RE: JOHN GOSSETT                                  §     ORIGINAL PROCEEDING


§





MEMORANDUM OPINION
            On November 15, 2004, Relator John Gossett sent a letter to the Smith County District Clerk
inquiring whether process had been issued in his pending personal injury suit. By written, unsigned
response, Gossett was informed that process had not been issued because the trial court had not ruled
on Gossett’s affidavit of inability to pay costs. See Tex. R. Civ. P. 145. In this original proceeding,
Gossett seeks an order requiring the Honorable Jack Skeen, Jr., Respondent, to rule on the affidavit. 
We deny the writ.
            Texas Rule of Civil Procedure 145 permits a party who is unable to afford court costs to file
an affidavit of inability to pay costs. Tex. R. Civ. P. 145. A defendant may contest the affidavit by
filing a written contest giving notice to all parties.  Tex. R. Civ. P. 145(1). If the affidavit is
contested, the court should resolve the contest at the first regular hearing in the suit. Id. If a contest
is not filed, the uncontested affidavit is conclusive as a matter of law. Equitable Gen. Ins. Co. v.
Yates, 684 S.W.2d 669, 671 (Tex. 1984). Here, the record does not reflect that Gossett’s affidavit
was contested. Therefore, Respondent had no duty to sign a written order permitting Gossett’s
lawsuit to proceed.


     Accordingly, the writ of mandamus of denied. 
 
                                                                                                     DIANE DEVASTO 
                                                                                              Justice


Opinion delivered December 8, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.












 










(PUBLISH)