**CONDITIONALLY GRANT; and Opinion Filed June 18, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00320-CV**

## IN RE CGI CONSTRUCTION, INC., Relator

**Original Proceeding from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-16221-D**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Fillmore

In this original proceeding, we must decide whether a trial court may set aside a default judgment on the condition that the defaulting party waive its right to seek contractually-agreed arbitration. We conclude such a condition is improper as a matter of law and conditionally grant a writ of mandamus to remove the condition from the order setting aside the default judgment.

### Background

The underlying proceeding is a contract dispute between a subcontractor and general contractor relating to two construction projects. The trial court signed a no-answer default judgment against relator CGI Construction, Inc. (CGI), CGI timely moved to set aside the default judgment, and the trial court granted the motion to set aside. However, the trial court placed two conditions on its order. First, it required CGI to pay real party in interest VV Services LP d/b/a Pivot Building Services (Pivot) $4,795 in fees and costs incurred to obtain the default judgment. Second, it required CGI to waive its right to seek arbitration in the proceeding. CGI does not agree

to waive its arbitration rights and seeks a writ directing the trial court to vacate that condition from the order setting aside the default judgment. CGI has paid the fees and costs ordered and does not challenge that condition. At our request, Pivot filed a response to the petition.

## Mandamus Standard

To establish a right to mandamus relief, CGI must establish that the trial court clearly abused its discretion and CGI lacks an adequate remedy on appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). To determine if a party has an adequate remedy by appeal, the appellate court evaluates whether "any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Further, an appeal is not an adequate remedy when a party stands to lose a substantial right. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding).

## Applicable Law

To have a default judgment set aside, a party must satisfy the three elements of *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). Under *Craddock*, a defendant must: (1) demonstrate that its failure to answer before judgment was not intentional, or the result of conscious indifference, but was due to mistake or accident; (2) set up a meritorious defense in its motion to set aside; and (3) file the motion at a time when granting it will occasion no delay or otherwise work an injury to the plaintiff. *Id.* at 126.

Trial courts are permitted to grant new trials conditioned upon the payment of attorney's fees, expenses for witnesses, travel expenses, and other costs incurred in obtaining the default judgment. *Equitable Gen. Ins. Co. of Tex. v. Yates*, 684 S.W.2d 669, 671 (Tex. 1984) (citing *United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958, 959 (Tex. 1976)). Such conditional

grants of new trial in default judgment cases are governed by the equitable consideration of not causing any injury to the party obtaining the original judgment. *Yates*, 684 S.W.2d at 671 (citing *Craddock*).

Arbitration of disputes is strongly favored under both federal and Texas law. *Henry v. Cash Biz, LP*, No. 16-0854, 2018 WL 1022838, at *3 (Tex. Feb. 23, 2018); *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995) (per curiam); *Cambridge Legacy Grp., Inc. v. Jain*, 407 S.W.3d 443, 447 (Tex. App.—Dallas 2013, pet. denied). "Because public policy favors resolving disputes through arbitration, the law imposes a strong presumption against the waiver of contractual arbitration rights." *Pilot Travel Centers, LLC v. McCray*, 416 S.W.3d 168, 182 (Tex. App.—Dallas 2013, no pet.).

## Discussion

CGI argues this Court should grant mandamus relief because the trial court committed a clear abuse of discretion in requiring CGI to waive its contractual right to arbitration as a condition to setting aside a default judgment. Pivot has cited no authority, and we have found none, permitting a court to condition the setting aside of a default judgment on waiver of contractual arbitration rights. In light of the reluctance of courts to impair the sanctity of contracts or vested rights, *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 503–04 (Tex. 2015), and the public policy favoring arbitration, *Henry*, 2018 WL 1022838, at *3, we conclude the trial court may not condition the granting of a new trial and motion to set aside default judgment on waiver of contractual arbitration rights. The trial court, therefore, abused its discretion by conditioning its order on CGI's waiver of its contractual arbitration rights. CGI lacks an adequate remedy on appeal because arbitration is a substantial right that will be lost if the order remains in place until after trial. *See In re M.W.M., Jr.*, 523 S.W.3d 203, 206 (Tex. App.—Dallas 2017, orig. proceeding) (appeal is an inadequate remedy when a trial court denies a party its contracted-for

–3–

arbitration rights); *see also Austin Commercial Contractors, L.P. v. Carter & Burgess, Inc.*, 347 S.W.3d 897, 901 (Tex. App.—Dallas 2011, pet. denied) (same).

Pivot argues that the condition was proper because the trial court determined that CGI had not met the third *Craddock* element, i.e., that a new trial would cause neither delay nor undue prejudice. Pivot contends that allowing CGI to move to compel arbitration will cause delay, added costs, and injury to Pivot, and those costs will multiply if Pivot must participate in arbitration. The trial judge echoed Pivot's concerns and expressed his own concern regarding the costs of arbitration. The trial judge opined that "the additional delay and cost imposed at this point would just be astronomical. I mean, the Court's own experience in AAA arbitration is – well, it gets plum horrifying sometimes." Pivot maintains that those statements constitute a finding that CGI did not meet the third *Craddock* element. We disagree. The trial judge made no explicit findings on any of the *Craddock* elements. Further, the trial judge set aside the default judgment. Had the trial judge decided CGI had not met the third *Craddock* element, he would have denied the motion to set aside the default judgment.

However, to the extent the trial judge's statement could be construed as a finding that CGI did not meet the third *Craddock* element, the record shows the finding was an abuse of discretion. The purpose of the third element of the *Craddock* test is to protect a plaintiff against undue delay or injury that would result in a disadvantage when presenting the merits of its case at a new trial, such as the loss of a witness or other critical evidence. *Culinaire of Fla., Inc. v. FelCor/CSS Holdings, LP*, No. 05-14-00832-CV, 2015 WL 3769580, at *4 (Tex. App.—Dallas June 17, 2015, pet. denied) (mem. op.). "Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff." *Id.* Here, CGI asserted that granting a new trial would not delay or otherwise injure Pivot because CGI offered to go to arbitration immediately and to reimburse Pivot's reasonable expenses incurred in obtaining the default judgment. The burden was thereby shifted to Pivot to disprove this assertion. *See id.*

In its response to the motion to set aside default judgment, Pivot complained that it has unpaid invoices and further delays will increase those costs. Pivot also argued "on information and belief" that CGI "may be close to filing for bankruptcy" and delay in the underlying proceeding may impact recoverability of unpaid invoices in a bankruptcy. Finally, Pivot complained that arbitration is expensive:

> Moreover, arbitration proceedings are far more costly in costs, filing fees, and paying for an arbitrator's time than are the costs already incurred in filing fees, service fees, and costs already incurred by Plaintiff in this Court. This is just MORE damage and injury that will be incurred by Plaintiff through granting of Defendant's motion, that Defendant ignores in its motion.

Pivot did not allege a specific injury, such as the loss of witnesses or valuable evidence, and presented no evidence of an alleged injury. Accordingly, Pivot did not prove harm or injury sufficient to preclude the granting of a new trial. *See, e.g., id.* (being required to incur legal costs is not sufficient to show undue delay and injury such that a default judgment should not be set aside).

For these reasons, we conclude the trial court abused its discretion by conditioning the order on CGI waiving its contractual arbitration rights and that CGI has no adequate remedy on appeal. Accordingly, we conditionally grant the writ of mandamus. We direct the trial court to, within twenty-one (21) days of the date of this opinion, issue a written order reforming the order setting aside the default judgment by removing the condition requiring waiver of arbitration rights. We are confident the trial court will comply, but a writ will issue if the trial court fails to comply.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

180320F.P05

–5–