**Reversed and Remanded, and Opinion filed June 25, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00280-CV

---

## YOLANDA GINEZ ABRIGO, Appellant

## V.

## JORGE GINEZ, Appellee

---

**On Appeal from the 98th District Court
Travis County, Texas
Trial Court Cause No. D-1-FM-17-006021**

---

## O P I N I O N

Yolanda Ginez Abrigo appeals the trial court's order granting her motion for new trial conditioned on payment of appellee's attorney's fees. In one issue, Yolanda contends the trial court abused its discretion in conditioning the grant of a new trial on paying the opposing side's attorney's fees because Yolanda is indigent and filed a statement of inability to pay costs under Texas Rule of Civil Procedure

145. Because we conclude the order is an abuse of discretion, we reverse the judgment and remand for further proceedings consistent with this opinion.[1]

## Background

Jorge Ginez filed a petition for divorce on September 28, 2017, and served his wife, Yolanda, with citation on November 6. Yolanda did not file an answer before it was due at 10:00 a.m. on Monday, November 27. That day, the trial court heard the case with only Jorge in attendance and orally granted Jorge's petition. Yolanda filed her answer the afternoon of November 27, shortly after third court orally granted Jorge's petition. The answer was signed by Yolanda's retained counsel. The next day, November 28, the court signed a default final divorce decree, dissolving Jorge's and Yolanda's marriage and declaring other relief.

Within thirty days of the judgment date, Yolanda filed a motion for new trial, urging the court to vacate the judgment because, though she had been unable to retain counsel until the afternoon of November 27, she filed an answer before the court signed the default judgment. The motion for new trial was signed by Yolanda's retained counsel.

The following month, Yolanda's counsel filed a motion to withdraw. The court heard the motion to withdraw on January 9, 2018, and signed an order granting the motion that day. The court also heard Yolanda's motion for new trial on January 9. According to Yolanda, during the hearing, the trial judge orally

---

[1] The Supreme Court of Texas transferred this case to our court from the Third Court of Appeals. *See* Tex. Gov't Code § 73.001. We are unaware of any conflict between Third Court of Appeals precedent and that of this court on any relevant issue. *See* Tex. R. App. P. 41.3.

2

granted a new trial conditioned on Yolanda's payment of $4,662 in attorney's fees to Jorge's counsel.[2]

The record shows no further activity until March 1, 2018, when Yolanda filed an "affidavit of inability to pay costs," in which she averred that she is indigent and cannot pay court costs. The next day, Yolanda filed a "motion to set aside default judgment or reconsider conditions of order granting new trial." This motion was signed by new counsel, the Austin Community Law Center. Yolanda argued that the court's January 9 oral order granting a new trial conditioned on payment of attorney's fees was an abuse of discretion because she is indigent. Although the motion is of no effect as a motion for new trial or motion to modify because it was filed outside thirty days following the judgment date,[3] the trial court retained plenary power to grant a new trial until March 13.

On March 8, the court held a hearing and signed an "order on entry of final judgment." The order reduced to writing the court's previous oral ruling granting a new trial on the condition that Yolanda pay opposing counsel's attorney's fees. Our record does not show that any contest was filed to Yolanda's affidavit of inability to pay costs before the court signed the March 8 order. Jorge filed a contest on March 12, but the record reveals no action on the contest.

Yolanda appeals.

## Analysis

Yolanda asserts that, if a party has filed a Statement of Inability to Afford Payment of Court Costs pursuant to Texas Rule of Civil Procedure 145, a trial court may not condition a new trial on the payment of the opposing party's

---

[2] We do not have a copy of any reporter's record from this hearing but Jorge does not dispute Yolanda's assertion.

[3] *See* Tex. R. Civ. P. 329b(a).

3

attorney's fees unless the court first holds an oral evidentiary hearing with proper notice and issues a detailed written order finding that the party is capable of paying those fees. Yolanda filed an affidavit of inability to pay costs, which she contends qualifies as a rule 145 statement, and it was not overruled by the trial court. Therefore, Yolanda argues, it was an abuse of discretion to condition a new trial on payment of attorney's fees.

In response, Jorge argues that (1) Yolanda's affidavit was deficient in form, and (2) the timing of Yolanda's statement did not afford Jorge sufficient time to assert a contest before the March 8 hearing. Therefore, according to Jorge, the trial court did not abuse its discretion in ruling that a new trial would be conditioned on Yolanda "making [Jorge] whole for harm caused to him for [Yolanda's] failure to timely file an answer to the divorce petition."

The Texas Access to Justice Commission and the Texas Access to Justice Foundation filed an amici curiae brief in support of Yolanda. Amici argue that conditioning a new trial on the payment of attorney's fees despite a declaration of an inability to afford them "threatens access to the civil justice system for people of limited means."

A.    **Applicable Law and Standard of Review**

Our state constitution guarantees that "[a]ll courts shall be open, and every person . . . shall have remedy by due course of law." Tex. Const. art. I, § 13. And our rules of civil procedure assure litigants that "[a]ccess to the civil justice system cannot be denied because a person cannot afford to pay court costs." Tex. R. Civ. P. 145 cmt.; *see also Campbell v. Wilder*, 487 S.W.3d 146, 152 (Tex. 2016) (Texas Rule of Civil Procedure 145 "is but one manifestation" of the constitutional "open courts guarantee").

4

To this end, rule 145 provides:

> A party who files a Statement of Inability to Afford Payment of Court Costs cannot be required to pay costs except by order of the court as provided by this rule. After the Statement is filed, the clerk must docket the case, issue citation, and provide any other service that is ordinarily provided to a party. The Statement must either be sworn to before a notary or made under penalty of perjury. In this rule, "declarant" means the party filing the Statement.

Tex. R. Civ. P. 145(a).

A declarant under this rule must use a form approved by the Supreme Court[4] and made available free of charge by court clerks or, alternatively, include in the statement all information required by the Court-approved form. Tex. R. Civ. P. 145(b). The only ground for refusing to file a rule 145 statement is if is "not sworn to before a notary or made under penalty of perjury." Tex. R. Civ. P. 145(d). "No other defect is a ground for refusing to file a Statement or requiring the party to pay costs." *Id.* Instead, if a defect or omission in a rule 145 statement is material, the court may direct the declarant to correct or clarify the statement. *Id.*

A trial court may order a declarant who has filed a statement to pay costs only in four specifically enumerated instances: (1) on motion by the court clerk or any party, if the motion contains evidence that the statement was materially false when made or is no longer true because of changed circumstances; (2) on motion by an attorney ad litem in certain family law cases; (3) on motion by the court reporter; or (4) on the court's own motion. Tex. R. Civ. P. 145(f)(1)-(4). The court must hold an oral evidentiary hearing, with ten days' notice to the declarant, and the court must issue an order supported by detailed findings that the declarant can afford to pay costs. Tex. R. Civ. P. 145(f)(5)-(6).

---

[4] *See* http://www.txcourts.gov/media/1435953/statement-final-version.pdf.

5

An statement of inability to pay that is uncontested in the trial court is conclusive as a matter of law. *See Equitable Gen. Ins. Co. v. Yates*, 684 S.W.2d 669, 671 (Tex. 1984). "It is an abuse of discretion for any judge, including a family law judge, to order costs in spite of an uncontested affidavit of indigence." *Campbell*, 487 S.W.3d at 152.

A trial court is vested with broad discretion in ruling upon a motion for a new trial and, absent manifest abuse of discretion, we will not disturb its ruling on appeal. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to guiding rules and principles. *Celestine v. Dep't of Family & Protective Servs.*, 321 S.W.3d 222, 235 (Tex. 2010); *Downer v. Aquamarine Operators*, 701 S.W.2d 238, 241-42 (Tex. 1985).

## B.    Application

With the above framework in mind, we must answer two questions to resolve Yolanda's issue on appeal. First, does Yolanda's affidavit constitute a statement of inability to pay under the rule? If so, was it an abuse of discretion for the trial court to condition a new trial on the payment of opposing counsel's attorney's fees despite Yolanda's affidavit of inability to pay?

Although Yolanda did not use the Supreme Court-approved form, her "Affidavit of Inability to Pay Costs" was "sworn to before a notary or made under penalty of perjury." Tex. R. Civ. P. 145(d). The affidavit contains her monthly income from public benefits, the number of her dependents, her property, her monthly expenses, and her monthly payments to a creditor. Yolanda stated "I am unable to pay the court costs in this cause," and she verified that the statements made in the affidavit were true and correct. To the extent the affidavit omits any

6

other material information required under the rule, as Jorge alleges,[5] such a defect or omission is not a ground for refusing to file the statement or requiring Yolanda to pay costs. *Id.* Jorge did not request the trial court to order Yolanda to file an amended statement due to defects in form. Unless and until the trial court finds a material defect or omission in the affidavit and directs a correction or clarification, *see id.*,[6] we conclude the affidavit in its current form is initially sufficient to invoke the protections of rule 145.

Jorge also argues that the affidavit is false, and that he was not afforded an opportunity to contest it because Yolanda set her motion to reconsider for hearing less than ten days after filing her affidavit.[7] We do not believe either argument supports the trial court's order at this stage of the proceeding. Jorge cannot rely on the affidavit's alleged falsity because no one filed a contest, and the trial court issued no ruling sustaining a contest, before the court's March 8 order.[8] *See* Tex. R. Civ. P. 145(f) (enumerating the instances in which a court may order payment of costs, upon proper proof of ability to pay). Moreover, Jorge had the opportunity to file a contest before the March 8 hearing because he was served with the

---

[5] Jorge contends that Yolanda's affidavit is deficient for failing to include all information required by the Supreme Court-approved form, such as: Yolanda's birthdate, address, phone number, e-mail address, and the names, ages, and relationships to Yolanda of her dependents; whether Yolanda is represented by Legal Aid; the various sources of public benefits Yolanda receives; a calculation of wages in a monthly amount, unemployment income or monthly income from other persons in Yolanda's household, or a detailed checklist of sources of income; the value of all sources of property; or Yolanda's expenses for school, spousal support, or wages withheld by court order.

[6] "If a defect or omission in a Statement is material, the court—on its own motion or on motion of the clerk or any party—may direct the declarant to correct or clarify the Statement." Tex. R. Civ. P. 145(d).

[7] The parties contend that the trial court heard the matter regarding Yolanda's rule 145 affidavit on March 8, but we have no reporter's record of that hearing and there exist no findings regarding the issue. *See* Tex. R. Civ. P. 145(f)(6).

[8] The rule imposes no deadline for filing a contest or ruling on one. Thus, the trial court may still consider the contest Jorge filed on March 12.

affidavit on March 1. Yolanda, as the declarant, not Jorge, is the beneficiary of the rule's notice provision,[9] and she might have decided to waive ten days' notice if Jorge filed a contest before the March 8 hearing. In all events, in the absence of a ruling sustaining a contest in compliance with rule 145(f)—which has not occurred—Yolanda's uncontested affidavit established her indigency as a matter of law and, under rule 145, she was not required "to pay costs."

We next consider whether "costs" includes attorney's fees for rule 145 purposes. The rule defines "costs" as "any fee charged by the court or an officer of the court that could be taxed in a bill of costs, including, but not limited to, filing fees, fees for issuance and service of process, fees for a court-appointed professional, and fees charged by the clerk or court reporter for preparation of the appellate record." Tex. R. Civ. P. 145(c). Although the "general rule [is] that attorney's fees are not costs," the Supreme Court of Texas has held that attorney's fees assessed in these circumstances—i.e., as a condition to a new trial—must be "considered in light of Rule 145 and the rule's intended purpose to guarantee a forum to those unable to pay court costs." *Yates*, 684 S.W.2d at 671. The court in *Yates* accordingly considered payment of opposing counsel's attorney's fees as a condition to a new trial a "cost" under rule 145. There, because the declarant had filed an uncontested affidavit of indigency, the *Yates* court held that the trial court abused its discretion in conditioning a new trial upon payment of opposing counsel's attorney's fees. *Id.*; *see also Boyd v. Family Dollar Stores, Inc.*, No. 05-05-01187-CV, 2006 WL 1753073, at *1 (Tex. App.—Dallas June 28, 2006, no pet.) (mem. op.) (trial court abused its discretion in conditioning a new trial on payment of opponent's attorney's fees, despite trial court's determination that appellant was indigent). We conclude *Yates* is controlling in these circumstances.

---

[9] *See* Tex. R. Civ. P. 145(f)(5).

We hold that the trial court abused its discretion in conditioning a new trial on the payment of attorney's fees "in spite of an uncontested affidavit of indigence." *Campbell*, 487 S.W.3d at 152; *see also Yates*, 684 S.W.2d at 671; Tex. R. Civ. P. 145(a). We sustain Yolanda's sole issue on appeal.

## Conclusion

We reverse the trial court's November 28, 2017 divorce decree and remand the case for further proceedings consistent with this opinion.

/s/    Kevin Jewell
Justice

Panel consists of Justices Christopher, Jewell, and Bourliot.