Opinion issued May 9, 2023



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00720-CV

———————————

## ARTIS CHARLES HARRELL, Appellant

## V.

## JEROME GODINICH, JR., Appellee

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2018-30856

## MEMORANDUM OPINION

Appellant Artis Charles Harrell, acting pro se, sued the attorney who represented him in a criminal proceeding, alleging legal malpractice and breach of fiduciary duty. The trial court dismissed Harrell's claims under Texas Rule of Civil

Procedure 91a. Because Harrell failed to preserve error, he waived his issues on appeal, and we affirm the trial court's judgment.

## BACKGROUND

Harrell was charged with aggravated robbery in 2004. Jerome Godinich, Jr. was appointed to represent Harrell in several pretrial hearings to suppress evidence. Harrell was convicted and is currently incarcerated. Godinich's conduct in the suppression hearings forms the basis for Harrell's complaints. Harrell alleges that Godinich concealed documents relating to the criminal charge, failed to investigate the facts of the case, ignored Harrell's instructions, failed to raise affirmative defenses, gave Harrell erroneous legal advice, withheld exculpatory evidence, and refused to give Harrell his client file.

Based on these complaints, Harrell sued Godinich for attorney negligence—also termed legal malpractice—and breach of fiduciary duty. Godinich moved to dismiss Harrell's claims under Texas Rule of Civil Procedure 91a as having no basis in law or fact. The trial court held a hearing on the motion to dismiss, and about a week later, signed a final, appealable judgment granting the motion to dismiss and dismissing all of Harrell's claims. Harrell now appeals.

## DISCUSSION

In two issues, Harrell contends the trial court erred in dismissing his claims under Rule 91a of the Texas Rules of Civil Procedure when that rule does not apply

to inmate litigation, and he contends Godinich waived any challenges to Harrell's claims on appeal by not contesting Harrell's unsworn declaration.

### *Error Preservation*

For error to be preserved for appellate review, the record must show that a party made the request or complaint to the trial court in a timely manner, and that the trial court either ruled on the request or refused to do so. TEX. R. APP. P. 33.1(a). The request or complaint must make the trial court aware of the alleged error so that the trial court has the opportunity to correct the problem before appeal. *Burbage v. Burbage*, 447 S.W.3d 249, 257 (Tex. 2014); *see also Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 317 (Tex. 2012) (per curiam) (discussing reasons for error-preservation requirements). A party should not be allowed to ignore an error at trial and then surprise his opponent on appeal by raising a complaint for the first time. *Mansions in the Forest*, 365 S.W.3d at 317. When a party fails to preserve error in the trial court, the issue is waived, and we may not consider that issue on appeal. *See* TEX. R. APP. P. 33.1(a); *e.g.*, *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 604 (Tex. 2012).

Pro se litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) ("[P]ro se litigants are not exempt from the rules of procedure."); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85

(Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). Like any attorney, a pro se litigant may waive an issue on appeal by failing to raise the issue in the trial court. *E.g.*, *Johnson v. Tex. Serenity Acad., Inc.*, No. 01-14-00438-CV, 2015 WL 1135947, at *3 (Tex. App.—Houston [1st Dist.] May 27, 2015, pet. denied) (mem. op.) (declining to consider issue on appeal that pro se appellants had not raised in trial court); *Richardson v. Wells Fargo Bank, Nat'l Ass'n*, No. 01-10-00931-CV, 2012 WL 1249476, at *1 (Tex. App.—Houston [1st Dist.] Apr. 12, 2012, no pet.) (mem. op.) (declining to consider issue on appeal that pro se appellant untimely raised after close of trial).

## A.     Dismissal under Rule 91a

In his first issue, Harrell argues that the trial court erred in dismissing his claims under Rule 91a.

Rule 91a allows dismissal of a cause of action that has "no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* With certain exceptions, a court may not consider evidence in ruling on the Rule 91a motion. TEX. R. CIV. P. 91a.6. Rule 91a does not apply to inmate litigation, which is any "case governed

by Chapter 14 of the Texas Civil Practice and Remedies Code." TEX. R. CIV. P. 91a.1. We review de novo a trial court's ruling on a 91a motion. *See In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding).

Chapter 14 of the Texas Civil Practice and Remedies Code governs litigation by an inmate—a person housed in a correctional facility—in which the inmate files an affidavit or unsworn declaration of inability to pay costs. TEX. CIV. PRAC. & REM. CODE §§ 14.001(3), 14.002(a). A court may dismiss without a hearing a claim under Chapter 14 that is "frivolous or malicious," considering whether the "claim has no arguable basis in law or in fact," among other factors. *Id.* § 14.003(a), (b)(2); *Jefferson v. Univ. of Tex. Med. Branch Hosp. at Galveston*, No. 01-09-00062-CV, 2010 WL 987727, at *5 (Tex. App.—Houston [1st Dist.] Mar. 18, 2010, pet. denied) (mem. op.). "A claim has no arguable basis in law if it is based on an indisputably meritless legal theory." *Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.). We generally review dismissal of a claim under Chapter 14 for abuse of discretion, but the question of whether a claim has no arguable basis in law or fact is a legal question that we review de novo. *See DeHorney v. Talley*, 630 S.W.3d 297, 301 (Tex. App.—El Paso 2021, no pet.).

Harrell asserts that the trial court erred in dismissing his claim under Rule 91a because that rule does not apply to Chapter 14 litigation. He is correct both in that Chapter 14 governs his case and that Rule 91a expressly does not apply to cases

5

governed by Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE § 14.002(a); TEX. R. CIV. P. 91a.1. However, the record does not show that Harrell ever raised this argument before the trial court. *See* TEX. R. APP. P. 33.1(a). In his response to Godinich's motion to dismiss, he discussed the issue of when Godinich became involved in the underlying criminal case but did not mention Chapter 14 or argue that dismissal under Rule 91a would be improper. In his motion for new trial, he argued the trial court erred in dismissing his claim for breach of fiduciary duty because the *Peeler* doctrine[1] does not bar fiduciary-duty claims, but he did not mention Chapter 14 or argue that dismissal under Rule 91a was improper. Because Harrell did not raise this issue in the trial court and preserve error for appeal, the issue is waived.[2] *See id.*; *Lenk*, 361 S.W.3d at 604; *see also In re Interest of A.S.M.*,

---

[1] *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497–98 (Tex. 1995) (convicted criminal defendant cannot sue representing attorney for legal malpractice without first establishing defendant has been exonerated because otherwise defendant's own conduct is sole cause of indictment and conviction).

[2] While we cannot decide an issue that is not properly presented to us for review, we note that both Rule 91a and Chapter 14 authorize dismissal of claims having no basis in law, and both such dismissals would be reviewed de novo. Further, a claim for legal malpractice based on the attorney's representation of a defendant in a criminal matter has no basis in law when the defendant has not been exonerated because the *Peeler* doctrine forecloses such claims. *See Stallworth v. Ayers*, 510 S.W.3d 187, 194 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (affirming dismissal under Rule 91a of defendant's legal malpractice claims against attorney who represented him in criminal proceeding because defendant had not been exonerated and therefore, under *Peeler* doctrine, his claim had no basis in law). Even improperly pled fiduciary-duty claims—claims that are properly characterized as legal malpractice claims because they do not allege self-dealing but allege substandard legal representation—are barred by the *Peeler* doctrine. *See id.* at 191,

650 S.W.3d 85, 89–92 (Tex. App.—El Paso 2021, no pet.) (concluding, based on record, appellant did not show rendition of improper judgment where trial court granted Rule 91a motion to dismiss in case under Family Code even though Rule 91a does not apply to Family Code cases). Therefore, we overrule Harrell's first issue.

## B.     Contesting Unsworn Declaration

Next, Harrell argues that because Godinich did not seek dismissal under Chapter 14 and challenge his unsworn declarations, Godinich has waived any challenges to Harrell's claims.

For this argument, Harrell relies on *Equitable General Insurance Co. of Texas v. Yates*, 684 S.W.2d 669 (Tex. 1984). In that case, the trial court conditioned the granting of Yates's motion for new trial on his payment of $500 in attorney's fees to opposing counsel. *Yates*, 684 S.W.2d at 670. Even though Yates filed an unchallenged affidavit of inability to pay costs, the trial court denied the motion for new trial and entered final judgment against Yates. *Id.* On appeal, in light of Texas Rule of Civil Procedure 145, the Supreme Court determined the trial court erred in imposing a mandatory condition on a litigant who undisputedly was unable to pay

194 (disregarding criminal defendant's characterization of claim as breach of fiduciary duty and recognizing that claim was for "bad legal advice or improper representation," which is legal-malpractice claim, and affirming dismissal of that claim under Rule 91a based on *Peeler* doctrine).

court costs and attorney's fees. *Id.* at 671; *see* TEX. R. CIV. P. 145 (payment of court costs not required by litigant who properly files statement of inability to afford payment of court costs). Here, the trial court dismissed Harrell's claim under Rule 91a for having no basis in law or fact, not because of Harrell's inability to pay costs. *Yates* is inapplicable.[3]

But again, the record does not show that Harrell ever raised this argument before the trial court. *See* TEX. R. APP. P. 33.1(a). Therefore, error was not preserved, and the issue is waived. *See id.*; *Lenk*, 361 S.W.3d at 604. We overrule Harrell's second issue.

## CONCLUSION

Harrell has waived his appellate issues by not preserving error. Therefore, we affirm the trial court's judgment. All pending motions are dismissed as moot.

Gordon Goodman
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

---

[3] Further, the Supreme Court in *Yates* reversed the trial court's judgment and remanded the case for a new trial on the merits. *Yates*, 684 S.W.2d at 671 (affirming court of appeals decision); *Yates v. Equitable Gen. Ins. Co. of Tex.*, 672 S.W.2d 822, 824 (Tex. App.—Houston [1st Dist.] 1984), *aff'd*, 684 S.W.2d 669 (Tex. 1984) (reversing trial court's judgment and remanding for new trial). The Supreme Court did not rule, as Harrell suggests, that the opposing party's claims were waived for failing to challenge the affidavit of inability to pay costs.