**Opinion filed June 27, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00139-CV

_____

## IN THE INTERST OF B.S.C., A CHILD

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-128,989**

## MEMORANDUM OPINION

This is an appeal from an "Agreed Order in [a] Suit Affecting the Parent-Child Relationship" signed on June 5, 2023. The father is Appellee in this matter. On September 26, 2022, he filed a motion to modify the parent-child relationship. Father alleged in the motion to modify that Mother, Appellant, had voluntarily agreed to relinquish possession of the child to him. Approximately one week later, Father and Mother filed a "Rule 11 Agreement for Final Orders." Mother was pro se at the time she executed the Rule 11 Agreement. Among other things, the Rule 11 Agreement provided that Mother and Father "shall have possession and access to the

children [sic] the subject of this suit pursuant to a mutual agreement between the parties."

On March 16, 2023, the trial court signed an "[Agreed] Final Order in Suit Affecting the Parent-Child Relationship." This order recited that it carried out the terms of the parties' Rule 11 Agreement. The order named Father as the parent with the exclusive right to designate the child's primary residence, and it ordered that the parents "shall have possession of the child at the dates and times pursuant to the agreement of the parties."

On April 14, 2023, Mother, represented by counsel, filed a motion for new trial. Among other things, Mother alleged that as a pro se party, she did not understand the effects of the Rule 11 Agreement, that Father and his attorney took advantage of her, that it was in the best interest of the child for Mother to have consistent visitation and possession of the child, and that the March 16 order contained numerous material mistakes that rendered it unenforceable.[1]

The trial court set Mother's motion for new trial for a hearing on June 5, 2023. At the outset of the very brief hearing on the motion, Mother's counsel informed the trial court that the provision of the March 16 order only providing for possession and access "by mutual agreement" was unworkable and that it had resulted in Mother not seeing the child. In response, Father's attorney informed the trial court that he was aware that the trial court typically granted motions for new trial. He further requested the trial court to award Father $4,000 in attorney's fees "because that's what we anticipate would -- the cost to try this." As this point, the trial court asked Mother's attorney when her client "can pay the $4,000," and stated that the trial court "normally give[s] 72 hours." The trial court then denied the request of Mother's

---

[1]The "Conservatorship" portion of the March 16 order misidentified the child that is the subject of the suit because it referred to a child with the initials of M.M.H.

attorney to not award attorney's fees. After a brief recess for Mother's attorney to consult with Mother, the following exchange occurred on the record:

> [MOTHER'S ATTORNEY]: Your Honor, my client has informed me that she does not have the means to be able to pay $4,000 for Mr. -- the opposing Counsel's fees.

> THE COURT: Okay. Your motion for new trial is denied.

The trial court then entered another "agreed" order that corrected the clerical errors in its prior order. Mother appeals from the subsequent agreed order.

*Analysis*

Mother brings four issues on appeal. In her first issue, Mother asserts that it was error for the trial court to require her to pay $4,000 in attorney's fees as a condition for the trial court to grant her motion for new trial. She asserts that the trial court's ruling in this regard was arbitrary and unreasonable. Appellant's contention is well-founded.

"A conditional grant of a motion for new trial based on a party's payment of costs is well within the trial court's discretion." *Equitable Gen. Ins. Co. of Tex. v. Yates*, 684 S.W.2d 669, 671 (Tex. 1984). As noted in *Yates*, a grant of a new trial conditioned on the payment of the other party's attorneys' fees is based on equitable considerations. *Id.* When the grant of a new trial is conditioned on the payment of attorney's fees, the fees that are ordered to be paid are essentially court costs with respect to indigent litigants. *Id.* (noting that TEX. R. CIV. P. 145's "intended purpose [is] to guarantee a forum for those unable to pay court costs."); *Abrigo v. Ginez*, 580 S.W.3d 416, 420–21 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing *Yates*, 684 S.W.2d at 671). Thus, in the face of an uncontested affidavit of a litigant's inability to pay costs, the trial court abuses its discretion by conditioning the grant of a motion for new trial on the payment of the other party's attorney's fees. *Yates*, 684 S.W.2d at 671.

3

Here, the record does not reflect that Mother filed in the trial court an affidavit of inability to pay costs pursuant to Rule 145. However, her attorney represented to the trial court that Mother did not have the means to pay $4,000 in attorney's fees to Father. Further, after Mother filed her notice of appeal, she filed a statement of inability to pay court costs with this court that has not been contested. In light of Mother's claim in the trial court of her inability to pay Father's attorney's fees, as well as her uncontested statement of inability to pay court costs on appeal filed in this court, we conclude that the trial court abused its discretion by conditioning the grant of Mother's motion for new trial on the payment of Father's attorney's fees. *See Yates*, 684 S.W.2d at 671; *Abrigo*, 580 S.W.3d at 419–21.

Further, the Texas Supreme Court in *Yates* identified the proper basis for the payment of attorney's fees upon which a motion for new trial may be conditioned. 684 S.W.2d at 671. The recoverable attorney's fees are those incurred for obtaining the judgment, which is challenged by the motion for new trial. *Id.* (citing *United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958, 959 (Tex.1976)). Here, the $4,000 in attorney's fees upon which the trial court conditioned the grant of new trial were not those incurred by Father to obtain the March 16 order based upon the parties' Rule 11 Agreement. Instead, the $4,000 was the estimate of Father's attorney for the cost of trying the case in a trial on the merits. Accordingly, the trial court's requirement for Mother to pay $4,000 in attorney's fees exceeded the scope for the payment of attorney's fees upon which a motion for new trial may be conditioned.

Father cites Section 106.002 of the Texas Family Code as a basis for the trial court to order Mother to pay Father's attorney's fees. *See* TEX. FAM. CODE ANN. §106.002 (West 2019). This statute permits a trial court to render a judgment for the payment of attorney's fees in a suit affecting the parent-child relationship. However, it is inapplicable in this case because the trial court did not render a

judgment requiring Mother to pay attorney's fees. In this regard, the amended agreed order entered in this case from which Mother appeals does not require her to pay attorney's fees.[2] Simply put, Section 106.002 applies to the final judgment in a suit affecting the parent-child relationship; it has no application in a situation where the trial court conditions the granting of a motion for new trial on the payment of the other party's attorney's fees.

We sustain Mother's first issue. We do not reach her remaining issues that address the grounds alleged in her motion for new trial. The trial court did not reach those grounds in considering Mother's motion for new trial because the trial court summarily denied her motion for new trial when Mother's attorney indicated that Mother could not afford to pay Father's attorney's fees. "[I]ssues to be reviewed by an appellate court must have been actually presented to *and* considered by the trial court." *Daughety v. Nat'l Ass'n of Homebuilders of U.S.*, 970 S.W.2d 178, 182 (Tex. App.—Dallas 1998, no pet.) (emphasis in original) (citing *de Monet v. PERA*, 877 S.W.2d 352, 361 (Tex. App.—Dallas 1994, no writ)). "It is axiomatic that justice is 'best served by affording the trial court the first opportunity for review and decision.'" *Id.* (quoting *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 382 (Tex.1993) (Phillips, C.J., concurring)). "Addressing matters not specifically presented to the trial court usurps the trial court's authority to evaluate and rule on issues before it and denies the appellate court the benefit of the trial court's decision." *Id.* (citing *de Monet*, 877 S.W.2d at 361; *S.S.*, 858 S.W.2d at 381).

Here, the trial court denied Mother's motion for new trial on a basis that we have determined to have been an abuse of discretion—the payment of Father's anticipated attorney's fees for a trial on the merits. However, the trial court has not considered the merits of Mother's complaints arising from the entry of an order

---

[2]We express no opinion on whether the trial court may award attorney's fees in this case under Section 106.002 upon the remand of this case.

based upon the parties' Rule 11 Agreement. The trial court should have an opportunity to consider the merits of those complaints before we address them.

*This Court's Ruling*

We reverse the trial court's Agreed Order in Suit Affecting the Parent-Child Relationship signed on June 5, 2023. This cause is remanded for further proceedings consistent with this opinion.


JOHN M. BAILEY
CHIEF JUSTICE


June 27, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.