Opinion filed August 21, 2025



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00154-CV

_____

## TX HOLDINGS CORP D/B/A STERLING PARK AND MERCER HOLDINGS CORP., Appellants

## V.

## EAGLEHART RANCH, LLC, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A24121408CV**

## M E M O R A N D U M   O P I N I O N

On February 7, 2025, the trial court signed a default judgment in favor of Appellee, Eaglehart Ranch. On March 10, Appellants, TX Holdings Corp d/b/a Sterling Park and Mercer Holdings Corp., filed a combined motion to set aside the default judgment and motion for new trial. On April 21, the trial court signed an order conditionally granting Appellants' motion, which required Appellants to meet three conditions. First, Appellants were required to "[s]ign, complete, notarize and

deliver" to Appellee's counsel an original release of lien. Second, Appellants were required to "[s]ign, complete, notarize and deliver" to Appellee's counsel an original resale certificate, along with the required attachments. Third, Appellants were required to deliver a $6,310 cashier's check or money order to Appellee's counsel. The trial court's order specified that Appellants' motion was "only conditionally granted, as the above-described conditions are conditions precedent to granting the [m]otion," and that Appellants' failure to "timely and fully satisfy the above conditions" meant that the trial court denied their combined motion.

On June 3, Appellants filed a notice of appeal "as a protective measure." In the notice, Appellants contended that they had timely fulfilled the trial court's conditions, thus vacating the default judgment, but that Appellee had "served post-judgment discovery in efforts to enforce that vacated judgment." In the alternative, Appellants argued that the trial court's conditional order modified the relief set forth in its default judgment. *See* TEX. R. CIV. P. 329b(h). Appellants also filed a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 10.5(b)(2). Appellee filed a certificate of noncompliance the next day, stating that Appellants had failed to meet the trial court's conditions and that Appellants "have taken no action since May 9, 2025, to fully comply" with the trial court's order.

We abated the appeal for the trial court to conduct a hearing on the issue, because it went to our jurisdiction and the parties disagreed regarding (1) whether Appellants met the trial court's conditions and (2) whether either filing constituted an appealable judgment. On July 16, 2025, the trial court held a hearing and specifically found that Appellants had not complied with numerous conditions. The trial court entered findings of fact on the same day. In its findings, the trial court also specifically found that neither Appellant filed a notice of appeal by May 8, 2025,

2

the deadline that applied to its final default judgment.  *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b(a).

Consequently, when we reinstated this appeal on August 4, the clerk of this court notified Appellants in writing that their notice of appeal appeared to be untimely filed.  We requested that Appellants respond and show grounds to continue the appeal by August 14, and we informed them that the appeal was subject to dismissal.  *See* TEX. R. APP. P. 42.3.  Appellants have not filed a response.

Appellants did not timely file their notice of appeal from the trial court's default judgment.  The documents on file in this appeal show that the trial court signed and entered its final judgment in the proceedings on February 7, 2025.  That default judgment constitutes the final judgment because the trial court did not grant Appellants' combined motion—as detailed by the trial court in its findings, Appellants failed to comply with numerous conditions in the trial court's order, which constituted conditions precedent to the granting of their combined motion. *See In re Pro-Hygiene*, No. 14-25-00055-CV, 2025 WL 970436, at *3 (Tex. App.— Houston [14th Dist.] Apr. 1, 2025, orig. proceeding) (per curiam); *Noone v. Noone*, No. 04-95-00907-CV, 1996 WL 743814, at *2–3 (Tex. App.—San Antonio Dec. 31, 1996, no pet.) (not designated for publication) (citing *Equitable General Ins. Co. of Texas v. Yates*, 684 S.W.2d 669, 670–71 (Tex. 1984)).

Accordingly, with a timely-filed motion for new trial, Appellants notice of appeal from the trial court's default judgment was due in the trial court on or before May 8, 2025.  TEX. R. APP. P. 26.1(a).  As a result, absent a timely-filed motion for extension of time to file their notice of appeal, Appellants were required to file the notice no later than May 23, 2025 to invoke our jurisdiction.  TEX. R. APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (a party can no longer invoke an appellate court's jurisdiction once the period for granting a motion for extension

of time has passed). Appellants filed their notice of appeal and request for extension in this court on June 3, after both deadlines had passed. *See* TEX. R. APP. P. 26.1(a), 26.3.

We are prohibited from suspending the Rules of Appellate Procedure "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2. Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt*, 959 S.W.2d at 617. Because we are without jurisdiction, we must dismiss this appeal. *See* TEX. R. APP. P. 42.3(a).

Accordingly, we dismiss this appeal for want of jurisdiction. We dismiss Appellants' motion for extension of time to file their notice of appeal as moot.

JOHN M. BAILEY

CHIEF JUSTICE

August 21, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.