

## Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-23-00931-CV

David **RANGEL** Jr.,
Appellant

v.

Charlene **RANGEL**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-19793
Honorable Monique Diaz, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: May 15, 2024

ORDER ON ABILITY TO AFFORD COSTS AFFIRMED

In this appeal from a protective order, we address a separate but related procedural matter: Appellant's challenge to the trial court's order finding that he can afford to pay court costs. Before the trial court signed the protective order, Appellant David Rangel Jr., acting pro se, filed a Statement of Inability to Afford Payment of Court Costs. After he appealed, the court reporters challenged David's asserted inability to afford costs. At an evidentiary hearing, the trial court found that David was able to pay court costs. David, through retained counsel, challenged the order. We affirm the trial court's order.

## BACKGROUND

### A.      Underlying Case

In the underlying case, in October 2022, Charlene Rangel sought a protective order against her then-estranged spouse,[1] David Rangel Jr.  After a hearing on Charlene's application, on September 27, 2023, the trial court signed a final protective order.  David timely filed a notice of appeal.

### B.      Rule 145 Proceedings

While Charlene's application for a protective order was still pending, on August 29, 2023, David filed a Statement of Inability to Afford Payment of Court Costs.  *See* TEX. R. CIV. P. 145(b).

After David appealed, the court reporters challenged his claimed inability to pay court costs, *see* TEX. R. CIV. P. 145(e)(1), and the trial court held an evidentiary hearing on the reporters' motion, *see id.* R. 145(f)(1).  It received evidence and testimony pertaining to David's ability to afford to pay court costs.  *See id.*

At the conclusion of the hearing, the trial court noted that David had "been dishonest with the Court," and it found he had failed to meet his burden to prove his inability to afford to pay court costs.  *See id.*

In its January 3, 2024 order, the trial court included detailed findings of fact supporting David's ability to afford to pay court costs, and it denied David's request for a free record on appeal.  *See id.* R. 145(f).

---

[1] Charlene and David's divorce became final on September 11, 2023.

## C.    David Challenges the Order

David retained counsel.  His counsel filed a motion to challenge the trial court's order, *see id.* R. 145(g)(1), and a motion for an extension of time to file the challenge, *see id.* R. 145(g)(2). We granted the extension and deemed David's challenge timely filed.  *See id.*

The trial court clerk and court reporters filed records of the trial court's proceedings on David's ability to pay court costs.  *See id.* R. 145(g)(3).  Before we address David's motion, we briefly recite the applicable law and standards of review.

### MOTION TO REQUIRE PAYMENT OF COURT COSTS

"A party who cannot afford payment of court costs must file the Statement of Inability to Afford Payment of Court Costs approved by the Supreme Court or another sworn document containing the same information."  TEX. R. CIV. P. 145(b); *accord Strickland v. iHeartMedia, Inc.*, 668 S.W.3d 34, 36 (Tex. App.—San Antonio 2022, no pet.).

Rule 145 describes the party who files the statement as the declarant.  TEX. R. CIV. P. 145(b); *Strickland*, 668 S.W.3d at 36.

The declarant's statement is subject to challenge by a motion "filed by the clerk [or] the court reporter."  TEX. R. CIV. P. 145(e)(1); *see In re Marriage of Duke*, No. 04-23-00144-CV, 2024 WL 1292414, at *2 (Tex. App.—San Antonio Mar. 27, 2024, no pet. h.) (mem. op.).

Further, "[t]he court on its own may require the declarant to prove the inability to afford costs when evidence comes before the court that the declarant may be able to afford costs."  TEX. R. CIV. P. 145(e)(2); *see Silver v. Toyota Motor Mfg. Tex.*, No. 04-19-00409-CV, 2019 WL 5196402, at *2 (Tex. App.—San Antonio Oct. 16, 2019, no pet.) (per curiam) (mem. op.).

But "the declarant must not be ordered to pay costs unless [certain] procedural requirements have been satisfied."  TEX. R. CIV. P. 145(f); *accord Strickland*, 668 S.W.3d at 36.

For example, after notice to the declarant, the trial court must conduct an oral evidentiary hearing. TEX. R. CIV. P. 145(f)(1); *Strickland*, 668 S.W.3d at 36. "At the hearing, the burden is on the declarant to prove the inability to afford costs." TEX. R. CIV. P. 145(f)(1); *Strickland*, 668 S.W.3d at 36.

After it considers the evidence, the trial court applies this test: "Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?" *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) (quoting *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (Tex. Comm'n App. 1942)).

If the trial court finds that the declarant can afford to pay costs, it must support its decision with detailed findings. TEX. R. CIV. P. 145(f)(2); *Strickland*, 668 S.W.3d at 36.

"The declarant may challenge the order by motion filed in the court of appeals with jurisdiction over an appeal from the judgment in the case." TEX. R. CIV. P. 145(g)(1); *see Strickland*, 668 S.W.3d at 36–37.

### STANDARDS OF REVIEW

"We review a trial court's order sustaining a contest to an affidavit of indigence for an abuse of discretion." *Strickland*, 668 S.W.3d at 37 (citing *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied) (per curiam)). "Under an abuse of discretion standard, challenges to the legal and factual sufficiency of the evidence are not independent grounds of error; rather, they are simply factors in assessing whether the trial court abused its discretion." *In re Marriage of Thrash*, 605 S.W.3d 224, 229 (Tex. App.—San Antonio 2020, pet. denied) (quoting *Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no pet.)).

## A.      Legal Sufficiency

"When a party attacks the legal sufficiency of an adverse finding on an issue on which it bears the burden of proof, the judgment must be sustained unless the record conclusively establishes all vital facts in support of the issue." *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001)). "An issue is conclusively established 'if reasonable minds could not differ about the conclusion to be drawn from the facts in the record.'" *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017) (quoting *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998)).

## B.      Factual Sufficiency

"When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Dow Chem.*, 46 S.W.3d at 242; *accord Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 615 (Tex. 2016).

"[T]he court of appeals must consider and weigh all the evidence [in a neutral light], and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *accord Dow Chem.*, 46 S.W.3d at 242.

## C.      Trial Court as Factfinder

When the trial court serves as the factfinder, it "is the sole judge of the witnesses' credibility and the weight to be given their testimony, and [it] is free to resolve any inconsistencies." *Iliff v. Iliff*, 339 S.W.3d 74, 83 (Tex. 2011) (quoting *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 567 (Tex. 2000)); *accord City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005).

"If the evidence . . . would enable reasonable and fair-minded people to differ in their conclusions, then [the factfinder] must be allowed to do so [and a] reviewing court cannot substitute its judgment for [the factfinder's] so long as the evidence falls within this zone of reasonable disagreement." *City of Keller*, 168 S.W.3d at 822; *accord Windrum v. Kareh*, 581 S.W.3d 761, 770 (Tex. 2019).

## DAVID'S MOTION CHALLENGING TRIAL COURT'S ORDER

In David's motion challenging the trial court's order, he presents five issues: (1) his statement was not materially false when he made it, (2) the court reporters did not provide sworn evidence to challenge his statement, (3) he provided sufficient evidence to prove his inability to pay, (4) he presented prima facie evidence of his inability to pay costs, and (5) the trial court erred when it found he could afford to pay costs by selling his primary home or his only car.

Before we address his arguments, we recite some of the evidence the trial court considered in deciding the court reporters' motion for David to prove his inability to afford court costs.

### A.     David's Statement

On August 29, 2023, a few days before the trial court heard Charlene's application for a protective order, David filed in the trial court a Statement of Inability to Afford Payment of Court Costs.  His statement listed four children as his financial dependents.  It showed the total value of all his property as $0 and his monthly income as $0.  At the end of the statement, just above his signature, was this declaration: "I declare under penalty of perjury that the foregoing is true and correct."

### B.     Court Reporters' Challenge

Two court reporters filed a motion to require David to prove his inability to afford to pay court costs.  *See* TEX. R. CIV. P. 145(f)(1); *In re Marriage of Duke*, 2024 WL 1292414, at *1.  Their

motion attached evidence, stated that it was sworn to, and asserted that David's statement was materially false when it was made. *See* TEX. R. CIV. P. 145(e)(1).

The attached evidence included a copy of David's statement, a Bexar County Appraisal District property search report, and a copy of the May 6, 2015 Order in Suit Affecting the Parent-Child Relationship in cause number 2015EM501879.

## C. Evidentiary Hearing

At the hearing on the court reporters' motion, both David and Charlene testified.

### 1. *David's Testimony*

David testified to the following facts.

He is unemployed and he has no income. He was on active duty in the Marine Corps from December 1994 to September 1999. He was in the reserves for about one year after that, but his disability review and disability payments are "still pending."

He has a commercial driver's license, and he has worked as an aviation mechanic. Most recently, he worked for Uber and Favor, and he also did contract-type work.

He owns the single-family property at 7507 Scenic Glade, and his monthly mortgage payment is $1,000. He does not own a car, but when he needs one, he borrows one from his mother, father, or aunt. He owns a boat and a recreational vehicle (RV), but they are both "totaled": the boat is only worth about $300, and the RV is in such poor condition that it has no value.

### 2. *Charlene's Testimony*

Charlene testified to the following facts.

At the last hearing for their divorce proceeding, David testified he was working for Tesla making $18 per hour. He receives a check each month based on his military service; the last check she saw was for $1,370. He has been receiving those checks for about seventeen years. He paid

her $28,000 in child support in 2023, and he has hired four different attorneys in just the last two years.

Under the terms of their divorce decree, she was awarded one-half of the value of some personal and real property: the boat, the RV, a car, a motorcycle, and the equity in the 7507 Scenic Glade property. When asked about the condition of the boat and the RV, she testified they were not totaled. She added that before they began divorce proceedings in 2017, they "would go down to the [c]oast and take the boat and stay in the boat. It was—it's huge."

Finally, their children who David claimed on his statement as his financial dependents— had not lived with David for more than two years at the time he filed the statement.

### 3. Court Reporters' Evidence

The court reporters estimated the cost to produce their records at about $4,500.

They proffered a search results printout from the Bexar County Appraisal District property search website which showed the property owned by David Rangel Jr. *See generally Property Search Options*, BEXAR CAD, https://bexar.trueautomation.com/clientdb/?cid=110 (last visited May 2, 2024). The search results printout showed David had a 100% ownership interest in the single-family property located at 7507 Scenic Glade, he purchased the property in 2003, he has a DV3 tax exemption, and its appraised value for 2023 was $299,910.

The court reporters asked the trial court to take judicial notice of the search results printout and the record.

## STATEMENT NOT MATERIALLY FALSE

In his first issue, David argues his statement was not materially false when he made it.

### A. Statement Facts

David's statement did not list his house, which had an appraised value of almost $300,000, his boat, or his RV, but at the hearing, David admitted he owned the house, the boat, and the RV.

His statement listed no monthly income, but he admitted he had been working odd jobs for several months, and Charlene testified he got monthly disability checks.

His statement claimed their four children as his dependents, but Charlene testified the children had not lived with David for about two years at the time he filed the statement.

## B.     Controverting Evidence

The trial court could have accepted the property search results and believed David's testimony that he owned the property at 7507 Scenic Glade, an RV, and a boat. It also could have disbelieved David's testimony that he could not obtain any funds by selling the RV or boat or by obtaining a loan using the house as collateral. *See Iliff*, 339 S.W.3d at 83; *City of Keller*, 168 S.W.3d at 819.

The trial court could have believed Charlene's testimony that David received monthly disability benefits, and it could have disbelieved David's statement and his testimony that he had no income and could not work. *See Iliff*, 339 S.W.3d at 83; *City of Keller*, 168 S.W.3d at 819.

Finally, the trial court could have believed Charlene's testimony that David was not financially responsible for the children and found that David had only himself to support. *See Iliff*, 339 S.W.3d at 83; *City of Keller*, 168 S.W.3d at 819.

## C.     Statement Inaccurate, False

Given the evidence that controverted David's statement that he owned no property, had no income, and had four dependent children, we conclude there is sufficient evidence to support the trial court's finding that David's "August 29, 2023 Statement of Inability to Afford Payment of Court Costs was inaccurate and patently false when declared."

We overrule David's first issue.

## COURT REPORTERS' MOTION DEFECTIVE

In his second issue, David argues the court reporters "did not provide sworn evidence when challenging [his] statement of inability to pay." (emphasis removed). The reporters challenged David's statement via their motion to require David to prove his inability to afford costs, so we understand David's argument to challenge the reporters' compliance with the applicable rule.

### A.     Sworn Evidence Required

Rule 145 states the motion "must contain sworn evidence—not merely allegations—either that the Statement was materially false when made or that because of changed circumstances, it is no longer true." TEX. R. CIV. P. 145(e)(1).

### B.     Reporters' Motion

The reporters' motion states that "[t]his motion attaches evidence and is sworn to that [David's] Statement was materially false when made," and it attached a copy of David's statement, a Bexar County Appraisal District property search report, and a copy of the May 6, 2015 Order in Suit Affecting the Parent-Child Relationship in cause number 2015EM501879.

The motion also included a section titled "Unsworn Declaration, CPRC § 132.001," which included the reporters' attorney's name, date of birth, and address; the execution details: date, county, and declarant's signature; and this declaration: "I declare under penalty of perjury that the foregoing is true and correct."[2]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (allowing

---

[2] The record shows that the court reporters' counsel was a staff attorney with the Bexar County Civil District Court's office. *See Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011) (recognizing that counties are political subdivisions of the state).  Assuming counsel was a Bexar County employee acting in the scope of his duties, the jurat was not in the proper form. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(f) (prescribing the jurat form for a "declaration made under this section by an employee of a state agency or a political subdivision in the performance of the employee's job duties"); *cf. In re Cook Compression LLC*, No. 04-20-00517-CV, 2020 WL 6928397, at *3 (Tex. App.—San Antonio Nov. 25, 2020, orig. proceeding) (mem. op.) ("We conclude the declaration substantially complies with the jurat, and the trial court erred by sustaining plaintiffs' objections to the declaration because the objections go to the form of the declaration and the declaration contains the operative part of the jurat, which is the portion subjecting [the declarant] to the penalty of perjury.").

"an unsworn declaration [with the required jurat to] be used in lieu of a written sworn declaration"); *Hinojosa v. Koen*, No. 04-18-00907-CV, 2019 WL 5773672, at \*3 (Tex. App.—San Antonio Nov. 6, 2019, pet. denied) (mem. op.).

## C.      Complaint Waived

The record shows the reporters' written motion had documents attached as evidence, and it included a declaration under penalty of perjury that its allegations were true. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(c) (unsworn declaration); TEX. R. CIV. P. 145(e)(1) (sworn evidence of statement's falsity); *In re Cook Compression LLC*, No. 04-20-00517-CV, 2020 WL 6928397, at \*3 (Tex. App.—San Antonio Nov. 25, 2020, orig. proceeding) (mem. op.).

If David wanted to allege form defects in the reporters' motion, he had to raise those in the trial court. *See ACI Design Build Contractors Inc. v. Loadholt*, 605 S.W.3d 515, 518 (Tex. App.—Austin 2020, pet. denied) (deciding that ACI's complaint—that Loadholt's summary judgment evidence was incompetent because it lacked a jurat—was a defect in form that had to be raised in the trial court); *see also Johnson v. Guerra*, No. 14-20-00260-CV, 2021 WL 4899450, at \*3 (Tex. App.—Houston [14th Dist.] Oct. 21, 2021, no pet.) (mem. op.) (same).

Because David did not raise his form defects complaints in the trial court, he waived any such complaints on appeal. *See Johnson*, 2021 WL 4899450, at \*3; *ACI Design*, 605 S.W.3d at 518.

We overrule David's second issue.

### SUFFICIENT EVIDENCE TO PROVE INABILITY TO PAY

In his third issue, David argues the evidence was sufficient to prove his inability to afford to pay costs. We will review the evidence's legal and factual sufficiency.

**A.     Evidence Required to Reverse**

The legal and factual sufficiency tests depend on whether the party challenging the adverse finding had the burden of proof at trial. *See Shields*, 526 S.W.3d at 480; *Dow Chem.*, 46 S.W.3d at 241–42. Here, David had the burden to prove he was unable to afford to pay court costs. *See* TEX. R. CIV. P. 145(f)(1); *Strickland*, 668 S.W.3d at 36. Accordingly, we may not reverse the trial court's order unless we determine that (1) the evidence conclusively establishes David's inability to afford to pay the court costs, *see Shields*, 526 S.W.3d at 480 (conclusive evidence), or (2) the trial court's finding that David is able to afford to pay court costs is against the great weight and preponderance of the evidence, *see Dow Chem.*, 46 S.W.3d at 242.

**B.     David's Testimony**

David testified that he was unemployed, he had no income, he did not own a car, and he was seeking help from others to meet his mortgage payments. But he acknowledged that he owns a house, a boat, and an RV; he has a commercial driver's license; he has worked as an aviation mechanic; and he had recently done odd jobs such as working for Uber, Favor, and contract work. *Cf. Iliff*, 339 S.W.3d at 83 (recognizing that if an obligor is intentionally underemployed, a trial court may set child support based on the obligor's earning potential); *In re J.P.N.*, No. 04-17-00633-CV, 2018 WL 626526, at *1 (Tex. App.—San Antonio Jan. 31, 2018, no pet.) (mem. op.) ("A trial court does not abuse its discretion in sustaining a contest to an affidavit of inability to pay when the record shows a party has the ability to earn money through future employment.").

**C.     Charlene's Testimony**

Charlene testified that David receives a monthly disability check of about $1,370, he had been working for Tesla for $18 per hour, he had paid her $28,000 in child support in 2023, and he had hired four different attorneys in the past two years.

**D.    Evidentiary Challenge Fails**

Having reviewed the evidence under the respective standards, we conclude that David has failed to conclusively establish that he is unable to afford to pay the court costs, *see Shields*, 526 S.W.3d at 480, and the trial court's finding that David can afford to pay court costs is not against the great weight and preponderance of the evidence, *see Dow Chem.*, 46 S.W.3d at 242.

We overrule David's third issue.

PRIMA FACIE EVIDENCE OF INABILITY

In his fourth issue, David argues the facts in his statement constituted prima facie evidence.

Prima facie evidence is that which is "sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015); *accord Town of Fairview v. City of McKinney*, 271 S.W.3d 461, 467 (Tex. App.—Dallas 2008, pet. denied).

And "[a]n uncontested affidavit of inability to pay is conclusive as a matter of law." *Strickland*, 668 S.W.3d at 38 (quoting *Equitable Gen. Ins. Co. of Tex. v. Yates*, 684 S.W.2d 669, 671 (Tex. 1984)).

But as authorized by Rule 145, the reporters' motion challenged the evidence in David's statement. *See* TEX. R. CIV. P. 145(e)(1); *Strickland*, 668 S.W.3d at 36. And unlike *Strickland* and *Booker*, which David relies on, the reporters presented evidence and testimony to rebut and controvert the facts in his statement. *Cf. Strickland*, 668 S.W.3d at 38 (noting that "appellees did not move to admit evidence, and the trial court did not admit any evidence or take judicial notice of any fact" pertaining to Strickland's inability to pay); *Booker v. Mahmoudi*, No. 05-19-00048-CV, 2019 WL 2266667, at \*3 (Tex. App.—Dallas May 24, 2019, no pet.) (noting that "no evidence was offered in rebuttal" against the declarant's statement of inability to pay).

We overrule David's fourth issue.

**TRIAL COURT ERRED**

In his fifth issue, David argues "[t]he trial court erred to the extent it determined Appellant did not qualify for a free record because he could sell his primary home or only car in order to pay the appellate record for this appeal."

The trial court found that David's "testimony that he applied for loans against the home or personal loans was not believable and not supported by other evidence," he "has non-exempt property that if mortgaged or sold would put[] his income above the annual 2023 Federal Poverty Guidelines threshold for a household of one," and he "has an interest in a large boat and recreational vehicle (RV) that could be sold or levied to apply towards the costs of litigation."

The trial court did not find that David owns a car or could afford to pay court costs only if he sold his home, and David presents no authorities to support his argument. *Contra* TEX. R. APP. P. 38.1(i); *Canton-Carter v. Baylor Coll. Of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint.").

We overrule David's fifth issue.

**CONCLUSION**

David presented five bases to reverse the trial court's order that found he was able to pay court costs. But we have overruled each one, and we conclude the trial court's order complies with Rule 145(f). Accordingly, we deny David's motion challenging the trial court's order, including all the relief he requested therein, and we affirm the trial court's order.

Patricia O. Alvarez, Justice